```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AARON MARTINEZ, on behalf of himself        :    Case No. 17-CV-5938
and others similarly situated,              :    (DF)
                                             :
                        Plaintiff,           :
                                             :
       -against-                             :
                                             :
EL NUEVO JAYA RESTAURANT INC.,               :
AGRIPINA PERALTA, CARLOS PERALTA,            :
and YOCARLYS D. PERALTA,                     :
                                             :
                        Defendants.          :
------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is entered into by and between Aaron Martinez (hereinafter referred to as "Plaintiff" or "Releasor"), and El Nuevo Jaya Restaurant Inc., and each of its parent companies and any of its subsidiaries, divisions, related companies, predecessors, successors, assigns, current or former employees, agents, shareholders, officers, directors and representatives, as well as Agripina Peralta, Carlos Peralta, and Yocarlys D. Peralta, jointly and severally (hereinafter collectively referred to as the "Defendants" or "Releasees") (Plaintiff and Defendants are referred to herein as the "Parties").

WHEREAS, on August 7, 2017, Plaintiff filed suit for damages titled *Aaron Martinez, on behalf of himself and others similarly situated v. El Nuevo Jaya Restaurant Inc., et al.*, in the United States District Court for the Southern District of New York, Civil Action No. 17-CV-5938 (hereinafter referred to as the "Complaint"), alleging claims for, among other things,

unpaid minimum wages and overtime compensation due under the federal Fair Labor Standards Act and New York State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

    A.    **Consideration**

        1.    In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Twenty Thousand Dollars ($20,000.00) (the "Settlement Sum"), and which shall be paid in full within twenty (20) days of the Court's approval of the Agreement as fair and reasonable and dismissal of the Complaint with prejudice.

        2.    The settlement payment described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees,

expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti & Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the date indicated above.

**B.    Penalty For Late Payment**

In the event that the Defendants fail to make a settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Harold H. Weisberg, Esq., 2463 Broadway, New York, New York 10025, hhwl@verizon.net. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with liquidated damages in the amount of $2,000.00, with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

**C.    Wage & Hour Release by Plaintiff:**

1.    In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities,

3

obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

2. This release shall not affect or limit: (a) any non-wage and hour claims, (b) any claims that may arise after the date Plaintiff signs this Agreement, or (c) Plaintiff's right to enforce the terms of this Agreement.

D. **Agreement To Refrain From Filing Claims**

Plaintiff represents that he has not filed any other lawsuit or initiated any other proceeding against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

E. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of

4

this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

**F.      Representations and Acknowledgements**

    1.      Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

    (a) He has reviewed each and every provision of this Agreement;

    (b) The Agreement has been explained to him by his attorneys;

    (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,

    (d) He does in fact fully understand this Agreement, including the release of claims.

    2.      Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

    3.      Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

### G. Non-Admissions

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H. Attorneys' Fees and Costs

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

J. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4. This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Aaron Martinez

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 5 day of ~~May~~ June 2018, before me personally came Aaron Martinez to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 5th
day of ~~May~~ June 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 201~~8~~ 9

[Remainder of Page Intentionally Left Blank]

8

By: *Agripina Peralta* (signature)
Agripina Peralta

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 5~~th~~ day of ~~May~~ June 2018, before me personally came Agripina Peralta to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims and duly acknowledged to me that she executed the same.

Sworn to before me this 5~~th~~
day of ~~May~~ June 2018

*Linda Pagan-Perez* (signature)
Notary Public

[Notary Seal: LINDA PAGAN-PEREZ, NOTARY PUBLIC, STATE OF NEW YORK, My Comm. Expires May 15, 2019, No. 01PA5043772]

By: *Carlos Peralta* (signature)
Carlos Peralta

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF NEW YORK   )

On the 5~~th~~ day of ~~May~~ June 2018, before me personally came Carlos Peralta to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 5~~th~~
day of ~~May~~ June 2018

*Linda Pagan-Perez* (signature)
Notary Public

[Notary Seal: LINDA PAGAN-PEREZ, NOTARY PUBLIC, STATE OF NEW YORK, My Comm. Expires May 15, 2019, No. 01PA5043772]

9

By: _____
Yocarlys D. Peralta

STATE OF NEW YORK )
                  )ss.:
COUNTY OF NEW YORK )

On the 5th day of ~~May~~ June 2018, before me personally came Yocarlys D. Peralta to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims and duly acknowledged to me that she executed the same.

Sworn to before me this 5th day of ~~May~~ June 2018

_____
Notary Public

[Notary seal: LINDA PAGAN-PEREZ, NOTARY PUBLIC, STATE OF NEW YORK, My Comm. Expires May 15, 2019, No. 01PA5043772]

El Nuevo Jaya Restaurant Inc.

By: _____
Yocarlys D. Peralta
[Print Name and Title] Pres.

10